```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

JOHN ROBERTS and JOANNE REID,
        Plaintiffs,

        v.                                    CIVIL ACTION NO.
                                              13-11142-IT

U.S. BANK NATIONAL ASSOCIATION,
As Trustee for the C-Bass Mortgage
Loan Asset-Backed Certificates,
Series 2006-RP2, and
OCWEN LOAN SERVICING, LLC,
        Defendants, and

FIRST REALTY REEM PROPERTY, LLC,
        Party-in-Interest.

**REPORT AND RECOMMENDATION RE:**
**PLAINTIFFS' MOTION TO COMPEL**
**(DOCKET ENTRY # 31)**

**June 19, 2014**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to compel filed by plaintiffs John Roberts and Joanne Reid ("plaintiffs"). (Docket Entry # 31). Defendants U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-RP2, and Ocwen Loan Servicing, LLC ("defendants") oppose the motion. (Docket Entry # 33). After conducting a hearing on June 4, 2014, this court took the motion under advisement in order to issue a report and recommendation in accordance with the referral from the district judge.

BACKGROUND

In 1978, plaintiffs acquired title to a home located in

Stoughton, Massachusetts ("the property"). They have lived in the home for more than 30 years. In 1999, they took out a mortgage and a $75,000 loan on the property. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is the servicer of the loan and the agent of defendant U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-RP2 ("U.S. Bank").

In or around 2011, plaintiffs applied for a loan modification.[1] In two separate letters dated September 23, 2011, Ocwen denied the requested modification because the owner of the loan did not allow modifications and/or "'is not participating in the HAMP program.'"[2] (Docket Entry # 18, ¶ 23).

In January 2013, plaintiff John Roberts ("Roberts") read in a newspaper that the property was scheduled for a foreclosure auction on February 12, 2013. Plaintiffs did not receive "written notice of the sale." (Docket Entry # 18, ¶ 10).

In an effort to avoid foreclosure, Roberts contacted the Massachusetts Attorney General's Office ("the AG's Office"). The

---

[1] This finding is reasonably inferred from the facts in the amended complaint in light of the letters denying a modification during this time period.

[2] HAMP is an acronym for the Home Affordable Mortgage Program, "'a federal initiative that incentivizes lenders and loan servicers to offer loan modifications to eligible homeowners.'" Wilson v. HSBC Mortgage Services, Inc., 744 F.3d 1, 6 (1st Cir. 2014).

2

AG's Office then contacted Ocwen. Ocwen responded in writing stating that, "'Ocwen has contacted their foreclosure attorneys to ask that the foreclosure sale be postponed for a period of thirty (30) days.'" (Docket Entry # 18, ¶ 14).

By letter dated February 12, 2013, Ocwen informed plaintiffs that, "'Ocwen is not able to offer [Roberts] a loan modification.'" (Docket Entry # 18, ¶ 23). The letter described the loan as "'one of many in a securitization trust.'" (Docket Entry # 18, ¶ 23). It also explained that Ocwen's servicing guidelines from the lender, U.S. Bank, indicated that the bank only "'allowed modifications on 10% of the aggregate Certificate Principal Balance'" and the "10% cap had been reached" before the loan was transferred to Ocwen for servicing. (Docket Entry # 18, ¶ 23).

In late February 2013, Roberts telephoned Ocwen and spoke to a representative. The representative confirmed the postponement of the sale and that "there was no scheduled auction at that time." (Docket Entry # 18, ¶¶ 25-26). The representative also advised Roberts that he had time to sell the "house or pursue other options." (Docket Entry # 18, ¶ 27).

Notwithstanding these representations, a foreclosure auction took place on March 12, 2013. Michienzie & Sawin, LLC represented Ocwen "in the foreclosure proceeding." (Docket Entry # 18, ¶ 15). Plaintiffs purportedly "lost significant equity in

3

their home." (Docket Entry # 18, ¶ 32).

On April 8, 2013, plaintiffs filed this action in Massachusetts Superior Court (Norfolk County). A temporary restraining order issued the same day enjoining U.S. Bank and Ocwen from selling or conveying the property. On May 10, 2013, defendants filed a notice of removal to this court.

The two count amended complaint sets out a claim of promissory estoppel and a violation of Massachusetts General Laws chapter 93A, section nine. The paragraphs specific to the estoppel count complain about Ocwen's misrepresentation that there was no sale date and that the foreclosure was continued indefinitely. In addition to damages, the amended complaint seeks a rescission of the foreclosure sale and a loan modification.

In August 2013, plaintiffs propounded a first request for production of documents and a first request for interrogatories to defendants. On December 30, 2013, defendants produced a number of documents but did not provide any answers to interrogatories. Defendants also provided a privilege log on the same day listing "redactions made to Documents produced in response to" document requests 11 to 57, according to plaintiffs. (Docket Entry # 31).

On February 28, 2014, the district judge issued an Order requiring defendants to respond to the interrogatories. As to

the document requests, the Order instructed defendants to produce a "complete log of the redacted information" with "the name of the sender/speaker, the name of the person/entity that received the information and the content of the redacted information." (Docket Entry # 29). The Order also required defendants to produce documents responsive to requests 14, 18 and 20 to the extent documents exist and are not privileged.

In a privilege log dated February 28, 2014, defendants produced a more detailed description of the redacted information responsive to document requests 11 to 57. They also provided additional responses to document requests 14, 18 and 20 and answers to interrogatories. Dissatisfied with the production, plaintiffs filed the motion to compel.

The motion to compel seeks a complete production of documents in response to requests 14 and 20 and complete answers to interrogatories 13 and 14. The subject matter of document request 14 and interrogatories 13 and 14 is similar and therefore considered as a group. With respect to the redacted documents in response to document requests 11 to 57, plaintiffs seek unredacted versions of those documents logged as regarding "foreclosure sale" and "foreclosure litigation" and dated before July 7, 2011, or after December 21, 2011.[3] (Docket Entry # 31-1,

---

[3] The oldest document in the February 28, 2014 privilege log is dated September 4, 2011. Plaintiffs therefore seek documents after December 21, 2011.

5

Ex. A). In the alternative, plaintiffs request a privilege log that provides more detailed descriptions of the redacted documents.

## DISCUSSION

The motion reduces to the following three categories of material: (1) documents responsive to request 14 and more complete answers to interrogatories 13 and 14; (2) documents responsive to request 20 regarding foreclosure; and (3) unredacted copies of documents logged as "foreclosure sale" or "foreclosure litigation" after December 21, 2011, on the February 28, 2014 privilege log. At the June 4, 2014 hearing, this court directed defendants to make a limited production regarding the first category, denied production as to the second category and found the third category "adequate at this time."

A. Category One

Document request 14 and interrogatories 13 and 14 seek information about the loans in the trust that have been modified such as the amount of the modification, the number of loans modified, a break down by year of the number of loans modified, "'the principal reduction noted'" and the source of the contention that investor guidelines limit of the number of loans subject to modification. Defendants object primarily on the basis of relevance and overbreadth. Plaintiffs point out that the February 12, 2013 letter denied a loan modification because

6

the cap limiting modifications to 10% of the aggregate principal balance in the trust had been reached.

Under Fed.R.Civ.P. 26(b)(1) ("Rule 26(b)(1)"), a party "may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). In order to obtain "broader discovery 'of any matter relevant to the subject matter involved in the action,'" the party must "show good cause to support the request." In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008) (quoting Rule 26(b)(1)).

Here, Ocwen used the 10% restriction as a basis to deny a loan modification which, in turn likely contributed to the purportedly wrongful foreclosure. Without a loan modification, the loan remained in default subject to foreclosure. At a minimum, the documents and information are relevant to the claim that Ocwen made a misrepresentation two weeks later when it stated that Roberts could "take other action to prevent foreclosure." (Docket Entry # 18, ¶ 38).

The relevance objection therefore lacks merit. At the hearing and in light of the burden to respond to the interrogatories and the document request, this court directed defendants to produce the total number of modifications and the average amount of the modifications at this point in time. The motion is therefore properly allowed to this extent as to category one.

B.  Category Two

Document request 20 seeks "'All notices or instructions sent to Michienzie & Sawin, LLC regarding foreclosure including instructions to postpone or continue the auction.'" (Docket Entry # 31-1). Defendants object to production on the basis of the attorney client privilege and the work product doctrine.[4] Their response and supplemental response to the request raise additional objections including the overbreadth and burdensome nature of the request. Plaintiffs point out that they are not seeking the mental impressions of Ocwen's attorneys. Rather, they are seeking the facts regarding the instructions and the directions communicated to the attorneys about the foreclosure.

At the hearing, this court viewed the material as privileged. Upon further reflection, an in camera review is more prudent given the difficulty in determining the dividing line between facts regarding the foreclosure and communications made in confidence. See, e.g., U.S. Bank National Association v. James, 2010 WL 1416126, at *4 (D.Me. April 5, 2010) (ordering in camera review of unredacted loan account history document in foreclosure action after parties engaged counsel because it "was not possible to verify" assertion of attorney client privilege in redacted document). The documents may also be subject to the

---

[4] Their memorandum opposing the motion focuses on the attorney client privilege.

work product doctrine. Defendants shall therefore submit the withheld documents responsive to document request 20 for in camera review on or before July 3, 2014.

C. Category Three

The documents plaintiffs seek in the third category are those in response to document requests 11 through 57. Plaintiffs request redacted copies of those documents logged in the February 28, 2014 privilege log as "foreclosure sale" or "foreclosure litigation" dated after December 21, 2011. Defendants resist disclosure on the basis of the attorney client privilege and the work product doctrine.

A document falls within the scope of the work product doctrine "if, 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared *because of* the prospect of litigation.'" Commissioner of Revenue v. Comcast Corp., 901 N.E.2d at 1204 (emphasis in original) (quoting United States v. Adlman, 134 F.3d 1194, 1202 (2nd Cir. 1998)); accord Maine v. U.S. Department of Interior, 298 F.3d 60, 68 (1st Cir. 2002) (quoting United States v. Adlman, 134 F.3d at 1202); see Mississippi Public Employees' Retirement System v. Boston Scientific Corp., 649 F.3d 5, 31 (1st Cir. 2011) ("attorney's work product does not lose protection merely because it is also "intended to inform a business decision influenced by the

9

prospects of the litigation"). The privilege log repeatedly refers to communications or information "prepared for or in anticipation of litigation" concerning the "foreclosure sale" or the "foreclosure litigation." Documents containing this description date back to December 2011.

Plaintiffs represent that their bankruptcy "case closed December 21, 2011," and that "a Service member's [sic] Relief Act" case was filed "on or about January 2011." (Docket Entry # 31-1). Defendants, who bear the burden of showing that the documents were prepared in anticipation of litigation, Commissioner of Revenue v. Comcast Corp., 901 N.E.2d at 1203, did not identify the dates they filed the "prior Service Members actions" or the dates such actions were resolved or dismissed. (Docket Entry # 33). More than two years later, plaintiffs filed this foreclosure action on April 8, 2013, thereby raising doubts as to whether the withheld documents were prepared in anticipation of litigation.

In addition, the log fails to contain any identification or title of the author of the communications making it difficult to assess whether the communications were prepared in anticipation of the foreclosure litigation. At the hearing, this court stated that the production was adequate at this time. Upon further consideration, an in camera review of the unredacted communications is advisable to determine whether the withheld

documents were made in anticipation of litigation or otherwise fall under the work product doctrine or the attorney client privilege. In providing unredacted copies, defendants shall provide the title or other identifying information of the authors of the documents and a description of the recipient designated as "Comment log."

CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[5] that the motion to compel (Docket Entry # 31) be **ALLOWED** as to the first category. Defendants are **ORDERED** to produce unredacted copies of the withheld documents in response to document request 20 as well as in response to document requests 11 through 57 dated after December 21, 2011, and logged as "foreclosure sale" or "foreclosure litigation." This court will issue a recommendation for the documents withheld in the second and third categories after conducting an in camera review. Defendants shall submit the documents in camera on or before July 3, 2014. In light of this decision to undertake in camera review, the parties are afforded up to and including July 3, 2014, to file an additional brief limited to five pages regarding

---

[5] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. See Fed. R. Civ. P. Rule 72(b). Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.

any argument or evidence they wish to bring to this court's attention regarding the second and third categories of documents.


                       /s/ Marianne B. Bowler  
                      **MARIANNE B. BOWLER**  
                      United States Magistrate Judge